McKesson Medical-Surgical Minnesota Supply, Inc. v. Addus Healthcare, Inc. et al.                    Doc. 17

Case 1:05-cv-00332-OWW-DLB    Document 17    Filed 05/16/2005    Page 1 of 14

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

McKESSON MEDICAL-SURGICAL )    1:05-cv-00332 OWW DLB
MINNESOTA SUPPLY, INC., a  )
Minnesota Corporation,     )    MEMORANDUM DECISION AND
                           )    ORDER GRANTING DEFENDANT
            Plaintiff,     )    MHCS's MOTION TO DISMISS
                           )    COMPLAINT PURSUANT TO FED.
     v.                    )    R. CIV. P. 12(b)(3)
                           )
ADDUS HEALTHCARE, INC., an )
Illinois Corporation; MHCS,)
INCORPORATED, a California )
Corporation, doing business as )
MEDICAL HOME CARE SERVICES,)
                           )
                           )
            Defendants.    )
_____)

I.    **INTRODUCTION**

     Defendant MHCS, INCORPORATED, doing business as MEDICAL HOME
CARE SERVICES, ("MHCS"), moves to dismiss the complaint of
Plaintiff McKESSON MEDICAL-SURGICAL MINNESOTA SUPPLY, INC.,
("Plaintiff"), for improper venue pursuant to Fed. R. Civ. P.
12(b)(3) and 28 U.S.C. § 1406(a).  MHCS argues there is an
enforceable mandatory forum selection clause in the governing
agreements that mandates the state courts of Minnesota as the
proper forum.  Plaintiff opposes the motion, and argues that the

1

applicable forum selection clause is unilateral, and requires
that only MHCS (and not Plaintiff) submit to venue and
jurisdiction in Minnesota.  In the alternative, Plaintiff argues
that the clause allows the federal or state courts of Minnesota
as proper venue and that transfer to the district court of
Minnesota is the proper remedy, rather than dismissal.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

This action arises out of Plaintiff's complaint that MHCS
and ADDUS HEALTHCARE, INC. (collectively, "Defendants"), failed
to pay for medical and surgical supplies in breach of their
credit agreements with Plaintiff.  Plaintiff is a nationwide
supplier of medical and surgical equipment to the healthcare
industry.  (Doc. 1, Compl. ¶ 7).  Plaintiff is a corporation
incorporated under the laws of the State of Minnesota with its
principal place of business in Virginia.  (*Id*. at ¶ 3).
Plaintiff does business nationwide.  (*Id*. at ¶ 7).

According to Plaintiff, Defendants are home health care
providers.  Defendant MHCS is a corporation incorporated under
the laws of the State of California with its principal place of
business in California.  (*Id*. at ¶ 5).  Addus Healthcare, Inc.
("Addus") is a corporation incorporated under the laws of the
State of Illinois with its principal place of business in
Illinois.  (*Id*. at ¶ 4).  Plaintiff alleges that both MHCS and
Addus were, during all times relevant to this litigation,
authorized to conduct business in California and that they
maintain regional offices in Modesto, California, and in other

**2**

locations in California.  (*Id*. at ¶¶ 4, 5).  Plaintiff further alleges that Addus was and is a shareholder, promoter and/or beneficial owner of MHCS; the separate existence of the Defendant corporations is a fiction; MHCS was inadequately capitalized; and the funds of the Defendant corporations were commingled.  (*Id*. at ¶¶ 8-11).

On or about December 12, 2002, MHCS entered into a written contract pursuant to which Plaintiff agreed to allow MHCS to purchase medical and surgical supplies from Plaintiff on credit. (*Id*. at ¶ 13, Ex. B ("MHCS Agreement")).  The agreement is titled "Application for Credit."  On or about October 18, 2002, Plaintiff entered into an identical written contract with Addus. (*Id*. at ¶ 12, Ex. A ("Addus Agreement")).  Plaintiff's claims arise out of Addus and MHCS's failure to pay for medical supplies under these agreements.  Both the Addus Agreement and the MHCS Agreement contain the following language:

> The Applicant agrees that the laws of Minnesota shall govern all transactions between McKesson and the Applicant, that exclusive venue and jurisdiction of any dispute or suit arising between McKessen and the Applicant shall lie within the courts of the State of Minnesota, and the Applicant hereby consents to the jurisdiction of the Minnesota courts in any such dispute or suit.

(*Id*. at Exs. A, B).

Plaintiff filed its complaint against Defendants on March 9, 2005.  (Doc. 1, Compl.).  Plaintiff brings six claims against Defendants:  (1) Breach of Contract for Sale of Goods; (2) Open Account; (3) Account Stated; (4) Goods Sold and Delivered; (5) Quantum Valebant; and (6) Conversion.  (*See id*.).

MHCS moves to dismiss Plaintiff's complaint pursuant to Fed.

**3**

R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a).[1]  (Doc. 7, MHCS's Mem.).  MHCS argues that the forum selection clause mandates that venue for any dispute between MHSC and Plaintiff is properly laid in the Minnesota state courts.  MHCS argues that venue is improper in the Eastern District of California and that this case should be dismissed.[2]  MHCS argues that the proper remedy is dismissal.

Plaintiff opposes and argues that the forum selection clause in its Application for Credit is unilateral, and applies only to suits brought by the applicant (in this case, the Defendnats). (Doc. 11, Pl.'s Opp., filed April 25, 2005).  Plaintiff argues that the clause does not preclude it from bringing suit in a forum other than Minnesota courts, as long as venue is proper under the general venue statute, 28 U.S.C. § 1391.  Plaintiff contends that venue is proper in the Eastern District of California under Section 1391.  In the alternative, Plaintiff argues that the clause allows venue in either the federal or state courts of Minnesota and that the proper remedy is not

---

[1] Defendant Addus Healthcare, Inc., did not file a motion to dismiss.  Addus filed only a "Request for Judicial Notice in Support of Motion to Dismiss Complaint" and a Reply.  (Doc. 8, Addus' Request for Judicial Notice, filed April 4, 2005; Doc. 15, Addus Reply, filed May 2, 2005).  While Plaintiff's opposition references a motion to dismiss by Addus, there is no motion by Addus properly filed in this Court.  The only motion to dismiss properly filed in this court was filed by MHCS.  (Doc. 7).  Only MHCS's motion will be considered.

[2] MHCS states in its brief that venue is improper in the "Northern" District of California.  (Doc. 7, MHCS's Mem. 3:4-5; 6:3-4).  This case was filed in the Eastern District of California.  The Court will construe MHCS's argument to be that venue is improper in the Eastern District of California.

dismissal but is instead transfer to the District of Minnesota pursuant to 28 U.S.C. § 1406(a).

Oral argument was heard on May 9, 2005.  Suzanne M. Burke appeared on behalf of Plaintiff.  Thomas J. D'Amato appeared on behalf of Defendant Addus Healthcare and specially appeared on behalf of Defendant MHCS.


### III.   <u>LEGAL STANDARD</u>


**A.   Motion to Dismiss for Improper Venue Pursuant to 28 U.S.C. § 1406(a) Compared With Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).**

28 U.S.C. § 1406(a) provides that a district court shall dismiss (or, in its discretion, transfer) a case that is improperly venued:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought.

"Once venue is challenged, the burden is on the plaintiff to show that venue is proper." *Whiteman v. Resort*, 1999 WL 163044 at *1 (N.D. Cal. 1999) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)); *Nissan Motor Co. v. Nissan Computer Corp.*, 89 F. Supp. 2d 1154, 1161 (C.D. Cal. 2000) ("Although there is some disagreement, most courts hold that the plaintiff bears the burden of establishing proper venue.").

If venue is proper in more than one forum, a party may move to transfer the case pursuant to 28 U.S.C. § 1404(a) based on convenience of the parties.  28 U.S.C. § 1404(a) states:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Under § 1404(a), the party seeking transfer bears the burden of showing that the balance of convenience clearly favors transfer. *Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).  Defendant has not raised § 1404(a).

### B.    Forum Selection Clause

Venue is ordinarily governed by 28 U.S.C. § 1391.[3]  However, parties may use a forum selection clause in a contract to designate the forum where litigation is to take place. *See, e.g., Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991); *Spradlin v. Lear Siegler Mgt. Services*, 926 F.2d 865, 866 (9th Cir. 1991); *TAAG Linhas Aereas de Angola v. Transamerica Airlines*, 915 F.2d 1351 (9th Cir. 1990).  Litigation commenced in a forum other than that selected may be subject to dismissal for improper venue. *Id*.

Fed. R. Civ. P. 12(b)(3) governs a motion to dismiss

---

[3] 28 U.S.C. § 1391(a) provides:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action commenced, if there is no district in which the action may otherwise be brought.

premised on the enforcement of a forum selection clause. *Argueta v. Banco Mexicano*, 87 F.3d 320, 324 (9th Cir. 1996); *see also Offshore Sportswear, Inc. v. Vuarnet Int'l*, B.V., 114 F.3d 848, 851 (9th Cir. 1997) ("We treat a dismissal based on a forum selection clause like a dismissal for improper venue under Rule 12(b)(3).").  In deciding a motion to dismiss under Rule 12(b)(3) based on a forum selection clause, the pleadings are not accepted as true, and the court can consider facts outside of the pleadings. *Argueta*, 87 F.3d at 324; *see generally Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991).

A forum selection clause is "*prima facie* valid" and should not be set aside unless the party challenging enforcement demonstrates that the clause is "invalid" or that its enforcement would be "unreasonable." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *see also Carnival Cruise Lines,* 499 U.S. at 589.  In 1996, the Ninth Circuit followed *M/S Bremen,* enforcing a forum selection clause absent evidence establishing:

> fraud, undue influence, overwhelming bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court.

*Argueta*, 87 F.3d at 325.  Plaintiff does not argue that the forum selection clause here (which is a clause from its own contract) is invalid or unreasonable.  Plaintiff does not argue the presence of fraud, undue influence, or such serious inconvenience that litigating in Minnesota would deprive Plaintiff of a fair

1  trial.[4]

2       A forum selection clause will be enforced where venue is

3  specified with mandatory language. *Docksider, Ltd. v. Sea*

4  *Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989).  When a

5  forum selection clause clearly designates the forum chosen as the

6  exclusive forum, it is mandatory. *Northern Cal. Dist. Council of*

7  *Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037

8  (9th Cir. 1995).  However, if the language of the forum selection

9  clause is not exclusive and does not preclude suit elsewhere,

10  then the forum selection clause is permissive. *Hunt Wesson*

11  *Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987).

12       In *Pelleport Investors*, 741 F.2d at 275, the Ninth Circuit

13  held that the following language of the forum selection clause

14  was mandatory because it expressly mandated a particular forum:

15       Exhibitor [Budco] expressly agrees that any and all disputes
     arising out of or in connection with this Agreement shall be
16       litigated only in the Superior Court for Los Angeles,
     California (and in no other), and Exhibitor hereby consents
17       to the jurisdiction of said court.

18       In *Docksider*, 875 F.2d at 763, the Ninth Circuit held that

19  the following language of the forum selection clause was

20  mandatory:

21       This agreement shall be deemed to be a contract made under
     the laws of the State of Virginia, United States of America,
22       and for all purposes shall be interpreted in its entirety in
     accordance with the laws of said State.  Licensee hereby
23       agrees and consents to the jurisdiction of the courts of the
     State of Virginia.  Venue of any action brought hereunder
24       shall be deemed to be in Gloucester County, Virginia.

25

26  _____

     [4] The issues here instead involve contract interpretation.
27  Specifically, whether the clause is unilateral, whether the
     clause is mandatory or permissive, and whether the clause
28  mandates the state or federal courts of Minnesota.

**8**

In *Hunt*, 817 F.2d at 77, the Ninth Circuit found the

following language was not exclusive, and thus, not mandatory:

> Buyer and Seller expressly agree that the laws of the State
> of California shall govern the validity, construction,
> interpretation and effect of this contract.  The courts of
> California, County of Orange, shall have jurisdiction over
> the parties in any action at law relating to the subject
> matter of the interpretation of this contract.

The Court reasoned that the term "shall have jurisdiction,"

without additional language indicating exclusivity, was

permissive.  *Id*.

In *Pittsburg-Des Moines Steel*, 69 F.3d at 1036, the Ninth

Circuit held the following forum selection clause was not

mandatory:

> [a] decision of the Board of Adjustment...or the decision of
> a permanent arbitrator shall be enforceable by a petition to
> confirm an arbitration award filed in the Superior Court of
> the City and County of San Francisco, State of California.

Again, the Court reasoned there was no additional language

mandating the only proper venue was San Francisco.  *See id*.


### B.   Remedy for Improper Venue

28 U.S.C. § 1406(a) provides that a district court may

either dismiss a case for improper venue, or it may, in its

discretion and in the interest of justice, "transfer such a case

to any district or division in which it could have been brought."

Transfer pursuant to § 1406(a) is not proper unless the court has

jurisdiction over the subject matter of the action.  Personal

jurisdiction over the defendants is not required.  *Goldlawr, Inc.
v. Heiman*, 369 U.S. 463 (1962) (§ 1406 is broad enough to

authorize transfer whether the court in which action was filed

had personal jurisdiction over the defendants or not); *Miller v. Hambrick*, 905 F.2d 259, 261 (9th Cir. 1990) (citing *Goldlawr* as authority). While a case may be dismissed for improper venue, transfer is the preferred remedy. *See Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001).

## IV.    ANALYSIS

### A.    Proper Venue Under the Forum Selection Clause

The parties do not dispute that the forum selection clause here is enforceable. Plaintiff does not argue that the Agreement containing the clause was entered into due to fraud or undue influence, or that enforcement would be unreasonable. Plaintiff can hardly make such an argument, considering that the Agreement was provided and drafted by Plaintiff and/or its attorneys.

Instead, the parties' dispute centers around basic contract interpretation. Plaintiff argues that the forum selection clause is unilateral, and applies only to "The Applicants," in this case the Defendants. Plaintiff argues the clause requires Defendants to bring suit in a Minnesota court, but that the same requirement does not apply to Plaintiff.

A forum selection clause with mandatory language "mandates that the designated courts are the only ones which have jurisdiction." *Hunt*, 817 F.2d at 77-8. A forum selection clause is permissive if it does not preclude suit elsewhere with express language. *Id.* Permissive language will not stop the party opposing the forum selection clause from suing elsewhere. *Kachal, Inc. v. Menzie*, 738 F. Supp. 371, 373 (D. Nev. 1990).

**10**

1    "A primary rule of [contract] interpretation is that '[t]he

2 common or normal meaning of language will be given to the words

3 of a contract unless circumstances show that in a particular case

4 special meanings should be attached to it.'"  *Hunt*, 817 F.2d at

5 77 (quoting 4 S. Williston, A Treatise on the Law of Contracts §

6 618 (W. Jaeger 3d ed. 1961)).  The forum selection clause at

7 issue here states:

8       The Applicant agrees that the laws of Minnesota shall govern
        all transactions between McKesson and the Applicant, that
9       **exclusive venue** and jurisdiction of **any dispute** or suit
        arising between McKessen and the Applicant shall lie within
10      the courts of the State of Minnesota, and the Applicant
        hereby consents to the jurisdiction of the Minnesota courts
11      in any such dispute or suit.

12 (Doc. 1, Compl. Exs. A, B (emphasis added)).

13    The plain meaning of the phrases "exclusive venue" and "any

14 dispute or suit" is that venue for any dispute between the

15 parties lies exclusively in Minnesota.  The forum selection

16 clause at issue here is mandatory because it precludes suit in

17 any forum other "the courts of the State of Minnesota."

18 Plaintiff's interpretation of the language "The Applicant

19 agrees..." as unilateral would negate the exclusive, mandatory

20 forum selection clause, which goes on to cover "any dispute or

21 suit arising between McKesson and the Applicant."  The clause

22 does not state that it only applies to disputes initiated by the

23 Applicant, nor does it exclude disputes raised by McKesson.

24    Even if the language were not so clear, any ambiguity would

25 be resolved against Plaintiff.  Another basic rule of contract

26 interpretation is that "where language is ambiguous, the court

27 should construe the language against the drafter of the

28 contract."  *Hunt*, 817 F.2d at 78.  The credit application (i.e.,

**11**

the Agreement) that contains the forum selection clause here was drafted by Plaintiff.  Construing the language against Plaintiff, the clause is bilateral and applies to all parties to the contract.

Venue is not proper in the Eastern District of California pursuant to the forum selection clause in the agreement knowingly and voluntarily entered into by the parties.  Defendant MHCS's Motion to Dismiss Plaintiff's Complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) is **GRANTED** without prejudice.


**B.    Whether Dismissal or Transfer is the Appropriate Remedy**

The next issue disputed by the parties is whether the appropriate remedy here is dismissal or transfer.  MHCS has not requested transfer and moves only for dismissal.  However, Plaintiff argues that if venue is improper, this case should be transferred instead of dismissed.  Transfer pursuant to § 1406(a) is within the discretion of the court.  A § 1406(a) transfer is not proper unless the court has jurisdiction over the subject matter of the action.  Personal jurisdiction over the defendants is not required.  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962).  Subject matter jurisdiction exists in this case based on diversity of citizenship.

Resolution of the issue of appropriate remedy hinges once again on contract interpretation.  If the clause designates any court in Minnesota, including the federal courts, then transfer is within the court's discretion.  Defendant argues that the appropriate remedy is dismissal because the forum selection

12

clause provides that venue is proper exclusively in the state (as opposed to federal) courts of the State of Minnesota.  Plaintiff argues that language similar to that contained in the forum selection clause here has been interpreted to mean both the state and federal courts, and that transfer is therefore appropriate. (Pl.'s Opp. 6).

The clause states:  "exclusive venue and jurisdiction of any dispute or suit arising between McKessen and the Applicant **shall lie within the courts of the State of Minnesota**, and the Applicant hereby consents to the jurisdiction of the **Minnesota courts** in any such dispute or suit."  (Doc. 1, Compl. Exs. A, B (emphasis added)).  By its express terms, the clause does not state that the venue shall lie within the "state" or "federal" courts of the State of Minnesota.

The cases Plaintiff cites do not help resolve the ambiguity because the language at issue in those cases is different from the language at issue here.  *Flake v. Medline Indus., Inc.*, 882 F. Supp. 947, 952 (E.D. Cal. 1995) (holding forum selection clause not limited to Illinois state courts where forum selection clause provided disputes shall be resolved "in courts sitting within Illinois"); *Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir. 1992) (holding forum selection clause not limited to Ohio state courts where agreement provided disputes be litigated "in courts in the State of Ohio").  Here, the clause does not provide that disputes shall be litigated in "courts sitting within Minnesota" or in "courts in the state of Minnesota." Instead, it provides that disputes shall be litigated in the "courts of the state of Minnesota" and later refers to the

**13**

1   "Minnesota courts."

2        The Eastern District of California is an improper venue and

3   this case cannot proceed here.  The forum selection clause in the

4   parties' agreement is ambiguous as to whether venue lies in the

5   state and/or federal courts of Minnesota.  The interests of

6   justice are better served by leaving that question for resolution

7   to the Minnesota courts.  Dismissal is the more appropriate

8   remedy here.

9

10                      **V.    CONCLUSION**

11

12        For all the reasons discussed above, MHCS's Motion to

13  Dismiss based on the forum selection clause in the Application

14  for Credit is **GRANTED** without prejudice.

15        MHCS's counsel shall submit a form of order in conformity

16  with this decision within five (5) days following date of

17  electronic service of this decision.

18

19  **SO ORDERED.**

20

21  **DATED: May _16__, 2005.**

22                              **/s/ OLIVER W. WANGER**

23                              _____

24                                   Oliver W. Wanger
                                UNITED STATES DISTRICT JUDGE

25

26

27

28

**14**