**1**

**2**

**3**

**4**

**5**                         **UNITED STATES DISTRICT COURT**

**6**                        **EASTERN DISTRICT OF CALIFORNIA**

**7**
                                         )    **1:05-cv-00332 OWW DLB**
**8**   **McKESSON MEDICAL-SURGICAL**       )
       **MINNESOTA SUPPLY, INC., a**        )    **MEMORANDUM DECISION AND**
**9**   **Minnesota Corporation,**          )    **ORDER GRANTING DEFENDANT**
                                         )    **MHCS's MOTION TO DISMISS**
**10**                  **Plaintiff,**       )    **COMPLAINT PURSUANT TO FED.**
                                         )    **R. CIV. P. 12(b)(3)**
**11**        **v.**                         )
                                         )
**12**   **ADDUS HEALTHCARE, INC., an**      )
       **Illinois Corporation; MHCS,**     )
**13**   **INCORPORATED, a California**      )
       **Corporation, doing business as**  )
**14**   **MEDICAL HOME CARE SERVICES,**     )
                                         )
**15**                                      )
                     **Defendants.**        )
**16**                                      )
                                         )
**17**   **_____** )

**18**

**19**                        **I.    INTRODUCTION**

**20**

**21**        Defendant MHCS, INCORPORATED, doing business as MEDICAL HOME

**22**   CARE SERVICES, ("MHCS"), moves to dismiss the complaint of

**23**   Plaintiff McKESSON MEDICAL-SURGICAL MINNESOTA SUPPLY, INC.,

**24**   ("Plaintiff"), for improper venue pursuant to Fed. R. Civ. P.

**25**   12(b)(3) and 28 U.S.C. § 1406(a).  MHCS argues there is an

**26**   enforceable mandatory forum selection clause in the governing

**27**   agreements that mandates the state courts of Minnesota as the

**28**   proper forum.  Plaintiff opposes the motion, and argues that the

                                    **1**

1  applicable forum selection clause is unilateral, and requires

2  that only MHCS (and not Plaintiff) submit to venue and

3  jurisdiction in Minnesota.  In the alternative, Plaintiff argues

4  that the clause allows the federal or state courts of Minnesota

5  as proper venue and that transfer to the district court of

6  Minnesota is the proper remedy, rather than dismissal.

7

8  ## II.    PROCEDURAL AND FACTUAL BACKGROUND

9

10   This action arises out of Plaintiff's complaint that MHCS

11  and ADDUS HEALTHCARE, INC. (collectively, "Defendants"), failed

12  to pay for medical and surgical supplies in breach of their

13  credit agreements with Plaintiff.  Plaintiff is a nationwide

14  supplier of medical and surgical equipment to the healthcare

15  industry.  (Doc. 1, Compl. ¶ 7).  Plaintiff is a corporation

16  incorporated under the laws of the State of Minnesota with its

17  principal place of business in Virginia.  (*Id*. at ¶ 3).

18  Plaintiff does business nationwide.  (*Id*. at ¶ 7).

19   According to Plaintiff, Defendants are home health care

20  providers.  Defendant MHCS is a corporation incorporated under

21  the laws of the State of California with its principal place of

22  business in California.  (*Id*. at ¶ 5).  Addus Healthcare, Inc.

23  ("Addus") is a corporation incorporated under the laws of the

24  State of Illinois with its principal place of business in

25  Illinois.  (*Id*. at ¶ 4).  Plaintiff alleges that both MHCS and

26  Addus were, during all times relevant to this litigation,

27  authorized to conduct business in California and that they

28  maintain regional offices in Modesto, California, and in other

1   locations in California.  (*Id*. at ¶¶ 4, 5).  Plaintiff further

2   alleges that Addus was and is a shareholder, promoter and/or

3   beneficial owner of MHCS; the separate existence of the Defendant

4   corporations is a fiction; MHCS was inadequately capitalized; and

5   the funds of the Defendant corporations were commingled.  (*Id*. at

6   ¶¶ 8-11).

7        On or about December 12, 2002, MHCS entered into a written

8   contract pursuant to which Plaintiff agreed to allow MHCS to

9   purchase medical and surgical supplies from Plaintiff on credit.

10  (*Id*. at ¶ 13, Ex. B ("MHCS Agreement")).  The agreement is titled

11  "Application for Credit."  On or about October 18, 2002,

12  Plaintiff entered into an identical written contract with Addus.

13  (*Id*. at ¶ 12, Ex. A ("Addus Agreement").  Plaintiff's claims

14  arise out of Addus and MHCS's failure to pay for medical supplies

15  under these agreements.  Both the Addus Agreement and the MHCS

16  Agreement contain the following language:

17       The Applicant agrees that the laws of Minnesota shall govern
         all transactions between McKesson and the Applicant, that
18       exclusive venue and jurisdiction of any dispute or suit
         arising between McKessen and the Applicant shall lie within
19       the courts of the State of Minnesota, and the Applicant
         hereby consents to the jurisdiction of the Minnesota courts
20       in any such dispute or suit.

21  (*Id*. at Exs. A, B).

22       Plaintiff filed its complaint against Defendants on

23  March 9, 2005.  (Doc. 1, Compl.).  Plaintiff brings six claims

24  against Defendants:  (1) Breach of Contract for Sale of Goods;

25  (2) Open Account; (3) Account Stated; (4) Goods Sold and

26  Delivered; (5) Quantum Valebant; and (6) Conversion.  (*See id*.).

27       MHCS moves to dismiss Plaintiff's complaint pursuant to Fed.

28

**3**

1  R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a).[1]  (Doc. 7, MHCS's

2  Mem.).   MHCS argues that the forum selection clause mandates that

3  venue for any dispute between MHSC and Plaintiff is properly laid

4  in the Minnesota state courts.  MHCS argues that venue is

5  improper in the Eastern District of California and that this case

6  should be dismissed.[2]   MHCS argues that the proper remedy is

7  dismissal.

8      Plaintiff opposes and argues that the forum selection clause

9  in its Application for Credit is unilateral, and applies only to

10  suits brought by the applicant (in this case, the Defendnats).

11  (Doc. 11, Pl.'s Opp., filed April 25, 2005).  Plaintiff argues

12  that the clause does not preclude it from bringing suit in a

13  forum other than Minnesota courts, as long as venue is proper

14  under the general venue statute, 28 U.S.C. § 1391.  Plaintiff

15  contends that venue is proper in the Eastern District of

16  California under Section 1391.  In the alternative, Plaintiff

17  argues that the clause allows venue in either the federal or

18  state courts of Minnesota and that the proper remedy is not

19

20      [1] Defendant Addus Healthcare, Inc., did not file a motion to
   dismiss.  Addus filed only a "Request for Judicial Notice in
21  Support of Motion to Dismiss Complaint" and a Reply.  (Doc. 8,
   Addus' Request for Judicial Notice, filed April 4, 2005; Doc. 15,
22  Addus Reply, filed May 2, 2005).  While Plaintiff's opposition
   references a motion to dismiss by Addus, there is no motion by
23  Addus properly filed in this Court.  The only motion to dismiss
   properly filed in this court was filed by MHCS.  (Doc. 7).  Only
24  MHCS's motion will be considered.
25
      [2] MHCS states in its brief that venue is improper in the
26  "Northern" District of California.  (Doc. 7, MHCS's Mem. 3:4-5;
   6:3-4).  This case was filed in the Eastern District of
27  California.  The Court will construe MHCS's argument to be that
   venue is improper in the Eastern District of California.
28

1  dismissal but is instead transfer to the District of Minnesota

2  pursuant to 28 U.S.C. § 1406(a).

3      Oral argument was heard on May 9, 2005.  Suzanne M. Burke

4  appeared on behalf of Plaintiff.  Thomas J. D'Amato appeared on

5  behalf of Defendant Addus Healthcare and specially appeared on

6  behalf of Defendant MHCS.

7

8                    III.    **LEGAL STANDARD**

9

10  **A.   Motion to Dismiss for Improper Venue Pursuant to
          28 U.S.C. § 1406(a) Compared With Motion to Transfer**

11  **     Venue Pursuant to 28 U.S.C. § 1404(a).**

12      28 U.S.C. § 1406(a) provides that a district court shall

13  dismiss (or, in its discretion, transfer) a case that is

14  improperly venued:

15      The district court of a district in which is filed a case
        laying venue in the wrong division or district shall

16      dismiss, or if it be in the interest of justice, transfer
        such a case to any district or division in which it could

17      have been brought.

18  "Once venue is challenged, the burden is on the plaintiff to show

19  that venue is proper."  *Whiteman v. Resort*, 1999 WL 163044 at *1

20  (N.D. Cal. 1999) (citing *Piedmont Label Co. v. Sun Garden Packing

21  Co.*, 598 F.2d 491, 496 (9th Cir. 1979)); *Nissan Motor Co. v.

22  Nissan Computer Corp.*, 89 F. Supp. 2d 1154, 1161 (C.D. Cal. 2000)

23  ("Although there is some disagreement, most courts hold that the

24  plaintiff bears the burden of establishing proper venue.").

25      If venue is proper in more than one forum, a party may move

26  to transfer the case pursuant to 28 U.S.C. § 1404(a) based on

27  convenience of the parties.  28 U.S.C. § 1404(a) states:

28

                              **5**

**1**
**2**
**3**

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

**4** Under § 1404(a), the party seeking transfer bears the burden of

**5** showing that the balance of convenience clearly favors transfer.

**6** *Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir.

**7** 1979).   Defendant has not raised § 1404(a).

**8**

**9**     **B.     Forum Selection Clause**

**10**     Venue is ordinarily governed by 28 U.S.C. § 1391.[3]   However,

**11** parties may use a forum selection clause in a contract to

**12** designate the forum where litigation is to take place.   *See,*

**13** *e.g., Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991);

**14** *Spradlin v. Lear Siegler Mgt. Services*, 926 F.2d 865, 866 (9th

**15** Cir. 1991); *TAAG Linhas Aereas de Angola v. Transamerica*

**16** *Airlines*, 915 F.2d 1351 (9th Cir. 1990).   Litigation commenced in

**17** a forum other than that selected may be subject to dismissal for

**18** improper venue.   *Id*.

**19**     Fed. R. Civ. P. 12(b)(3) governs a motion to dismiss

**20**

**21**     [3] 28 U.S.C. § 1391(a) provides:

**22**
**23**     A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any
**24**     defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part
**25**     of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the
**26**     subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal
**27**     jurisdiction at the time the action commenced, if there is
**28**     no district in which the action may otherwise be brought.

**6**

1  premised on the enforcement of a forum selection clause.  *Argueta*

2  *v. Banco Mexicano*, 87 F.3d 320, 324 (9th Cir. 1996); *see also*

3  *Offshore Sportswear, Inc. v. Vuarnet Int'l*, B.V., 114 F.3d 848,

4  851 (9th Cir. 1997) ("We treat a dismissal based on a forum

5  selection clause like a dismissal for improper venue under Rule

6  12(b)(3).").  In deciding a motion to dismiss under Rule 12(b)(3)

7  based on a forum selection clause, the pleadings are not accepted

8  as true, and the court can consider facts outside of the

9  pleadings.  *Argueta*, 87 F.3d at 324; *see generally Carnival*

10 *Cruise Lines v. Shute*, 499 U.S. 585 (1991).

11      A forum selection clause is "*prima facie* valid" and should

12 not be set aside unless the party challenging enforcement

13 demonstrates that the clause is "invalid" or that its enforcement

14 would be "unreasonable."  *M/S Bremen v. Zapata Off-Shore Co.*, 407

15 U.S. 1, 10 (1972); *see also Carnival Cruise Lines,* 499 U.S. at

16 589.  In 1996, the Ninth Circuit followed *M/S Bremen,* enforcing a

17 forum selection clause absent evidence establishing:

18      fraud, undue influence, overwhelming bargaining power, or
        such serious inconvenience in litigating in the selected
19      forum so as to deprive that party of a meaningful day in
        court.
20

21 *Argueta*, 87 F.3d at 325.  Plaintiff does not argue that the forum

22 selection clause here (which is a clause from its own contract)

23 is invalid or unreasonable.  Plaintiff does not argue the

24 presence of fraud, undue influence, or such serious inconvenience

25 that litigating in Minnesota would deprive Plaintiff of a fair

26

27

28

**7**

1  trial.[4]

2      A forum selection clause will be enforced where venue is

3  specified with mandatory language.  *Docksider, Ltd. v. Sea*

4  *Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989).  When a

5  forum selection clause clearly designates the forum chosen as the

6  exclusive forum, it is mandatory.  *Northern Cal. Dist. Council of*

7  *Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037

8  (9th Cir. 1995).  However, if the language of the forum selection

9  clause is not exclusive and does not preclude suit elsewhere,

10  then the forum selection clause is permissive.  *Hunt Wesson*

11  *Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987).

12      In *Pelleport Investors*, 741 F.2d at 275, the Ninth Circuit

13  held that the following language of the forum selection clause

14  was mandatory because it expressly mandated a particular forum:

15      Exhibitor [Budco] expressly agrees that any and all disputes
       arising out of or in connection with this Agreement shall be
16      litigated only in the Superior Court for Los Angeles,
       California (and in no other), and Exhibitor hereby consents
17      to the jurisdiction of said court.

18      In *Docksider*, 875 F.2d at 763, the Ninth Circuit held that

19  the following language of the forum selection clause was

20  mandatory:

21      This agreement shall be deemed to be a contract made under
       the laws of the State of Virginia, United States of America,
22      and for all purposes shall be interpreted in its entirety in
       accordance with the laws of said State.  Licensee hereby
23      agrees and consents to the jurisdiction of the courts of the
       State of Virginia.  Venue of any action brought hereunder
24      shall be deemed to be in Gloucester County, Virginia.

25

26      [4] The issues here instead involve contract interpretation.

27  Specifically, whether the clause is unilateral, whether the
    clause is mandatory or permissive, and whether the clause

28  mandates the state or federal courts of Minnesota.

**8**

In *Hunt*, 817 F.2d at 77, the Ninth Circuit found the

following language was not exclusive, and thus, not mandatory:

> Buyer and Seller expressly agree that the laws of the State of California shall govern the validity, construction, interpretation and effect of this contract.  The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter of the interpretation of this contract.

The Court reasoned that the term "shall have jurisdiction,"

without additional language indicating exclusivity, was

permissive.  *Id*.

In *Pittsburg-Des Moines Steel*, 69 F.3d at 1036, the Ninth

Circuit held the following forum selection clause was not

mandatory:

> [a] decision of the Board of Adjustment...or the decision of a permanent arbitrator shall be enforceable by a petition to confirm an arbitration award filed in the Superior Court of the City and County of San Francisco, State of California.

Again, the Court reasoned there was no additional language

mandating the only proper venue was San Francisco.  *See id*.


B.    **Remedy for Improper Venue**

28 U.S.C. § 1406(a) provides that a district court may

either dismiss a case for improper venue, or it may, in its

discretion and in the interest of justice, "transfer such a case

to any district or division in which it could have been brought."

Transfer pursuant to § 1406(a) is not proper unless the court has

jurisdiction over the subject matter of the action.  Personal

jurisdiction over the defendants is not required.  *Goldlawr, Inc.*

*v. Heiman*, 369 U.S. 463 (1962) (§ 1406 is broad enough to

authorize transfer whether the court in which action was filed

**9**

1 had personal jurisdiction over the defendants or not); *Miller v.*

2 *Hambrick*, 905 F.2d 259, 261 (9th Cir. 1990) (citing *Goldlawr* as

3 authority).  While a case may be dismissed for improper venue,

4 transfer is the preferred remedy.  *See Abrams Shell v. Shell Oil*

5 *Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001).

6

7                           **IV.   <u>ANALYSIS</u>**

8

9        **A.   <u>Proper Venue Under the Forum Selection Clause</u>**

10       The parties do not dispute that the forum selection clause

11 here is enforceable.  Plaintiff does not argue that the Agreement

12 containing the clause was entered into due to fraud or undue

13 influence, or that enforcement would be unreasonable.  Plaintiff

14 can hardly make such an argument, considering that the Agreement

15 was provided and drafted by Plaintiff and/or its attorneys.

16       Instead, the parties' dispute centers around basic contract

17 interpretation.  Plaintiff argues that the forum selection clause

18 is unilateral, and applies only to "The Applicants," in this case

19 the Defendants.  Plaintiff argues the clause requires Defendants

20 to bring suit in a Minnesota court, but that the same requirement

21 does not apply to Plaintiff.

22       A forum selection clause with mandatory language "mandates

23 that the designated courts are the only ones which have

24 jurisdiction."  *Hunt*, 817 F.2d at 77-8.  A forum selection clause

25 is permissive if it does not preclude suit elsewhere with express

26 language.  *Id*.  Permissive language will not stop the party

27 opposing the forum selection clause from suing elsewhere.

28 *Kachal, Inc. v. Menzie*, 738 F. Supp. 371, 373 (D. Nev. 1990).

**10**

1    "A primary rule of [contract] interpretation is that '[t]he

2   common or normal meaning of language will be given to the words

3   of a contract unless circumstances show that in a particular case

4   special meanings should be attached to it.'"   *Hunt*, 817 F.2d at

5   77 (quoting 4 S. Williston, A Treatise on the Law of Contracts §

6   618 (W. Jaeger 3d ed. 1961)).   The forum selection clause at

7   issue here states:

8        The Applicant agrees that the laws of Minnesota shall govern
         all transactions between McKesson and the Applicant, that
9        **exclusive venue** and jurisdiction of **any dispute** or suit
         arising between McKessen and the Applicant shall lie within
10       the courts of the State of Minnesota, and the Applicant
         hereby consents to the jurisdiction of the Minnesota courts
11       in any such dispute or suit.

12  (Doc. 1, Compl. Exs. A, B (emphasis added)).

13       The plain meaning of the phrases "exclusive venue" and "any

14  dispute or suit" is that venue for any dispute between the

15  parties lies exclusively in Minnesota.   The forum selection

16  clause at issue here is mandatory because it precludes suit in

17  any forum other "the courts of the State of Minnesota."

18  Plaintiff's interpretation of the language "The Applicant

19  agrees..." as unilateral would negate the exclusive, mandatory

20  forum selection clause, which goes on to cover "any dispute or

21  suit arising between McKesson and the Applicant."   The clause

22  does not state that it only applies to disputes initiated by the

23  Applicant, nor does it exclude disputes raised by McKesson.

24       Even if the language were not so clear, any ambiguity would

25  be resolved against Plaintiff.   Another basic rule of contract

26  interpretation is that "where language is ambiguous, the court

27  should construe the language against the drafter of the

28  contract."   *Hunt*, 817 F.2d at 78.   The credit application (i.e.,

**11**

1   the Agreement) that contains the forum selection clause here was

2   drafted by Plaintiff.  Construing the language against Plaintiff,

3   the clause is bilateral and applies to all parties to the

4   contract.

5       Venue is not proper in the Eastern District of California

6   pursuant to the forum selection clause in the agreement knowingly

7   and voluntarily entered into by the parties.  Defendant MHCS's

8   Motion to Dismiss Plaintiff's Complaint for improper venue

9   pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) is

10  **GRANTED** without prejudice.

11

12          B.      **Whether Dismissal or Transfer is the Appropriate Remedy**

13       The next issue disputed by the parties is whether the

14  appropriate remedy here is dismissal or transfer.  MHCS has not

15  requested transfer and moves only for dismissal.  However,

16  Plaintiff argues that if venue is improper, this case should be

17  transferred instead of dismissed.  Transfer pursuant to § 1406(a)

18  is within the discretion of the court.  A § 1406(a) transfer is

19  not proper unless the court has jurisdiction over the subject

20  matter of the action.  Personal jurisdiction over the defendants

21  is not required. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962).

22  Subject matter jurisdiction exists in this case based on

23  diversity of citizenship.

24       Resolution of the issue of appropriate remedy hinges once

25  again on contract interpretation.  If the clause designates any

26  court in Minnesota, including the federal courts, then transfer

27  is within the court's discretion.  Defendant argues that the

28  appropriate remedy is dismissal because the forum selection

**12**

1   clause provides that venue is proper exclusively in the state (as

2   opposed to federal) courts of the State of Minnesota.  Plaintiff

3   argues that language similar to that contained in the forum

4   selection clause here has been interpreted to mean both the state

5   and federal courts, and that transfer is therefore appropriate.

6   (Pl.'s Opp. 6).

7       The clause states:  "exclusive venue and jurisdiction of any

8   dispute or suit arising between McKessen and the Applicant ***shall***

9   ***lie within the courts of the State of Minnesota***, and the

10  Applicant hereby consents to the jurisdiction of the ***Minnesota***

11  ***courts*** in any such dispute or suit."  (Doc. 1, Compl. Exs. A, B

12  (emphasis added)).  By its express terms, the clause does not

13  state that the venue shall lie within the "state" or "federal"

14  courts of the State of Minnesota.

15      The cases Plaintiff cites do not help resolve the ambiguity

16  because the language at issue in those cases is different from

17  the language at issue here.  *Flake v. Medline Indus., Inc.*, 882

18  F. Supp. 947, 952 (E.D. Cal. 1995) (holding forum selection

19  clause not limited to Illinois state courts where forum selection

20  clause provided disputes shall be resolved "in courts sitting

21  within Illinois"); *Basicomputer Corp. v. Scott*, 973 F.2d 507, 510

22  (6th Cir. 1992) (holding forum selection clause not limited to

23  Ohio state courts where agreement provided disputes be litigated

24  "in courts in the State of Ohio").  Here, the clause does not

25  provide that disputes shall be litigated in "courts sitting

26  within Minnesota" or in "courts in the state of Minnesota."

27  Instead, it provides that disputes shall be litigated in the

28  "courts of the state of Minnesota" and later refers to the

**13**

1 | "Minnesota courts."

2 |     The Eastern District of California is an improper venue and

3 | this case cannot proceed here.  The forum selection clause in the

4 | parties' agreement is ambiguous as to whether venue lies in the

5 | state and/or federal courts of Minnesota.  The interests of

6 | justice are better served by leaving that question for resolution

7 | to the Minnesota courts.  Dismissal is the more appropriate

8 | remedy here.

9 |

10 |                           **V.    CONCLUSION**

11 |

12 |     For all the reasons discussed above, MHCS's Motion to

13 | Dismiss based on the forum selection clause in the Application

14 | for Credit is **GRANTED** without prejudice.

15 |     MHCS's counsel shall submit a form of order in conformity

16 | with this decision within five (5) days following date of

17 | electronic service of this decision.

18 |

19 | **SO ORDERED.**

20 |

21 | **DATED: May _16__, 2005.**

22 |                                       **/s/ OLIVER W. WANGER**

23 |

24 |                                      Oliver W. Wanger
                            UNITED STATES DISTRICT JUDGE

25 |

26 |

27 |

28 |

**14**